## Richard Wooldridge v. N. E. Griffith et al.

### (Case No. 4022.)

1. Void judgment.— A judgment rendered against the sureties on an appeal bond by a county court without citation to or service on the surety is void.

Appeal from Lamar. Tried below before the Hon. R. R. Gaines.

Suit by Richard Wooldridge in trespass to try title and to remove cloud, etc., against the appellees, claiming title to the land by virtue of a judgment (described in the opinion) and execution, sheriff's sale and deed thereunder.

Appellees answered by general denial and not guilty. Judgment for appellees.

The question involved was as to the validity of the judgment of the county court of Lamar county, upon which appellant relied.

*Wm. H. Johnson* and *Wooldridge & Philips*, for appellants, cited Const., art. V, sec. 22; Acts of the Legislature, 1876, p. 18, sec. 3; Richardson v. State, 3 Ct. App., 69; Ex parte Oliver, id., 345; sec. 38, ch. 103, p. 167, Gen. Laws 15th Leg.; Janes et al. v. Reynolds' Adm'r, 2 Tex., 252; Little v. Birdwell, 27 Tex., 692; Freeman on Judgments, §§ 116, 135, 135a, 142, 153; Weaver v. Shaw, 5 Tex., 288; Mills v. Alexander, 21 Tex., 162; Thouvenin v. Rodrigues, 24 Tex., 480; Moke v. Brackett, 28 Tex., 443; Giddings v. Steele, id., 755; Hollingsworth v. Bagley, 35 Tex., 346; McCreery v. Fortson, 35 Tex., 647; Milam Co. v. Robertson, 47 Tex., 231.

*J. M. Long*, for appellees.

Watts, J. Com. App.— In deraigning title to the land in controversy, appellant relied upon a judgment, execution and sheriff's sale and deed. The judgment so relied upon was rendered in a criminal case arising in the mayor's court of the city of Paris, Lamar county, wherein one Bob Denton was fined $1 and costs, amounting to $22.35, from which he appealed to the county court and gave the bond prescribed by statute, with John Hughes, Creed Taylor and J. M. Long as his sureties. Denton failed to appear before the county court when the case was called for trial, when the county court, without further proceedings, rendered judgment against him and his sureties upon the appeal bond for the amount of the fine and costs in the mayor's court, and also the costs of the county court. By virtue of that judgment the execution was issued and the sale made, upon which appellant bases his claim of title to the land in controversy.

In trespass to try title to land, the cardinal rule is that the plaintiff must recover upon the strength of his own title. Now in this case, if the judgment was not void as against the surety, Long, whose property was pretended to be sold by virtue of the same, then the appellant was entitled to a judgment for the land. But on the contrary, if that judgment is considered as void as to the sureties, then the court did not err in rendering the judgment against appellant.

A judgment rendered against a person when he is not before the court, and who has not been made subject to its jurisdiction by some of the modes prescribed by law, must be considered as of no effect. Otherwise, in violation of the bill of rights, a citizen might be deprived of his property in other modes than by the due course of the law of the land. There is nothing in the act of 1876 that attempts to give an appeal bond like that under consideration the force and effect of a judgment. Nor are the sureties on such a bond thereby made parties to the suit, so as that service upon them might be dispensed with in rendering judgment against them upon the bond. It would seem that the extent of the power of the county court, in a case like Denton's, would be, when he failed to appear and prosecute his appeal, to dismiss the same. The city of Paris could then have proceeded upon the bond according to its terms, by judgment *nisi*, or suit on the bond, but service upon the surety in either case is indispensable.

In our opinion the judgment by default against the sureties upon the bond, without any notice to them whatever, is a nullity, and, therefore, there is no error in the judgment and it ought to be affirmed.

AFFIRMED.

[Opinion delivered April 24, 1883.]